## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **TINA BRYAND,** | § | **CIVIL ACTION NO.** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **7:14-cv-00023** |
| | § | |
| **MARTIN COUNTY, TEXAS,** | § | |
| **Defendant.** | § | **JURY DEMANDED** |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff **TINA BRYAND ("Plaintiff")** files this Complaint and would respectfully show the Court as follows:

### PARTIES

1.    Plaintiff is an individual who currently resides in Martin County, Texas.

2.    **Defendant MARTIN COUNTY, TEXAS ("Defendant")** is a political subdivision of the State of Texas.  Defendant may be served with process through its County Judge, Honorable Charles T. Blocker, 301 North Saint Peter Street, Stanton, TX 79782-1330.

### JURISDICTION AND VENUE

3.    Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117(a), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

4.      Venue is proper in the U.S. District Court for the Western District of Texas, Midland-Odessa Division pursuant to 42 U.S.C. 1391(b) because the unlawful practices alleged below were committed therein.

5.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims which are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution.

<u>EXHAUSTION OF ADMINISTRATIVE PROCEDURES</u>

6.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).  Plaintiff filed this suit within (90) days of receiving a Notice of Right to Sue from the EEOC, a true and correct copy of which is attached hereto as Exhibit A.

<u>CONDITIONS PRECEDENT</u>

7.      All conditions precedent have been performed or have occurred.

<u>FACTS</u>

8.      Plaintiff worked for Defendant for approximately twenty-two (22) years beginning in December 1990.  Plaintiff worked under the administration of four different Sheriffs.

9.      In approximately 2006, Plaintiff began experiencing symptoms which were eventually diagnosed as palindromic arthritis, also known as palindromic rheumatism.

10.     At the time of her termination, Plaintiff was working as a Jailer and Dispatcher, supervised by Sheriff John Woodward II, who took office on January 1, 2009.

11.     According to Wikipedia, palindromic rheumatism is an autoimmune disorder that consists of sudden and rapidly developing attacks of arthritis with acute pain, swelling, redness, and disability of the joints. The interval and duration between recurrent attacks is extremely variable. There is no joint damage after attacks. Because the disorder is uncommon and tends to occur in erratic flare-ups, it can be difficult to diagnose.

12.     When Plaintiff had flare-ups, they generally lasted less than 24 hours. She would often come to work with a brace on her wrist, and she talked about her condition openly. However, the condition did not interfere with her work.

13.     On or about Friday, May 4, 2012, Plaintiff was placed on administrative leave for one week by Sheriff Woodward. He told her that one of her coworkers was "concerned" that she had a prescription drug problem. He minimized the situation telling her that he was taking the action to make it look like he was doing something.

14.     On or about Friday, May 11, 2012, Plaintiff contacted Deputy Brad Ingram, part-time Dispatcher Mystie Hayes, and Sheriff Woodward to find out when she should report back to work.

15.     Deputy Ingram called her and told her the Sheriff told her to keep her off the schedule for another week.

16.     On or about Tuesday, May 15, 2012, Sheriff Woodward texted Plaintiff and told her not to call or text anyone other than him.

17.     On or about Wednesday, May 16, 2012, Plaintiff went to see Sheriff Woodward.  He encouraged Plaintiff to apply for disability, which Plaintiff could not in good conscience do because she was able to work with reasonable accommodation.

18.     On July 19, 2012, Martin County Attorney James Napper sent Plaintiff a letter stating that she had three options: (1) request unpaid leave for up to six months; (2) take her remaining vacation time, and then request unpaid medical leave or resign; or (3) resign immediately.  The letter was not received until August 7, 2012, because it was initially returned as unclaimed.

19.     On August 23, 2012, Plaintiff's treating physician provided a note that said she has "an unusual autoimmune disease" and "is still undergoing investigations & treatments."

20.     Nevertheless, Plaintiff's employment was terminated on August 24, 2012.

21.     Plaintiff was replaced by a younger female (Mystie Hayes Thigpen) and/or a younger male (Chance Rainer).

22.     Since the termination of her employment, Defendant has criticized Plaintiff's job performance.  However, Plaintiff did not receive any write-ups while she was employed other than one in approximately 2000 and one on January 25, 2011, both of which were remote in time to her termination.

<u>COUNT ONE – DISABILITY DISCRIMINATION (ADA)-<br>REGARDED AS DISABLED-TERMINATION</u>

23.     Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

24.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA).  *See* 42 U.S.C. §12111(4).

25.    Defendant is an employer within the meaning of the ADA. *See* 42 U.S.C. §12111(5).

26.    Defendant terminated Plaintiff's employment because it regarded Plaintiff as having a mental or physical impairment that substantially limits a major life activity.

27.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

<u>COUNT TWO – DISABILITY DISCRIMINATION (ADA)-<br>FAILURE TO ACCOMMODATE</u>

28.    Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

29.    Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA).  *See* 42 U.S.C. §12111(4).

30.    Defendant is an employer within the meaning of the ADA. *See* 42 U.S.C. §12111(5).

31.    Plaintiff is a qualified individual with a disability as defined by the ADA. *See* 42 U.S.C. §12102, 12111(8).  Plaintiff is otherwise qualified to perform the essential functions of her job as a Jailer/Dispatcher.

32.    Plaintiff has been diagnosed with and suffers from palindromic rheumatism.

33.    Palindromic rheumatism is a physical impairment that substantially limits one or more major life activities.  Major life activities also include the operation of major bodily functions, including but not limited to the immune system and neurological functions.

34.    Although Plaintiff's palindromic rheumatism may have been in remission at times, an impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.  *See* 42 U.S.C. §12102(4)(D).

35.    To the extent that Defendant offers Plaintiff's performance as the reason for her termination, such reason is a pretext for discrimination.  Alternatively, the reason(s) given for Plaintiff's termination, while true, are only some of the reasons, and Plaintiff's disability was a motivating factor in the decision to terminate her employment. In other words, Defendant had mixed motives for Plaintiff's termination.  Plaintiff is not required to elect to pursue a pretext or mixed motive claim until submission of the case to the jury.

36.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

## COUNT THREE – SEX DISCRIMINATION (TITLE VII)

37.    Plaintiff incorporates by reference and re-alleges reference all of the foregoing and further alleges as follows:

38.    Plaintiff is an employee within the meaning of Title VII.  See 42 U.S.C. § 2000e(f).

39.    Defendant is an employer within the meaning of Title VII.  See 42 U.S.C. § 2000e(b).

40.    Defendant intentionally discriminated against Plaintiff because of her sex by terminating her employment.

41.    The reasons given by Defendant for Plaintiff's termination are a pretext for discrimination.

42.    Alternatively, the reasons given for Plaintiff's termination, while true, are only some of the reasons, and Plaintiff's protected status and/or protected activity was a motivating factor in the decision to terminate her employment.

43.    Plaintiff is not required to elect to pursue a pretext or mixed motive claim until submission of the case to the jury.

44.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

COUNT FOUR – AGE DISCRIMINATION<br>CHAPTER 21 OF THE TEXAS LABOR CODE

45.    Plaintiff is an employee within the meaning of Texas Labor Code § 21.002(7) and belongs to the class of employees protected under the statute, namely, employees over the age of 40.  *See* Texas Labor Code § 21.101.

46.    Defendant is an employer within the meaning of Texas Labor Code § 21.002(8).

47.    Defendant intentionally discriminated against Plaintiff because of her age in violation of the Texas Labor Code by terminating her employment.  As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

DAMAGES

48.    Plaintiff was discharged from employment by Defendant.  Although she has diligently sought other employment, she has been unable to find a job at comparable pay.  Plaintiff suffered damage to her pension or retirement benefits.  Plaintiff seeks compensation for all back pay and lost wages and benefits, including loss of social security benefits.  Reinstatement to Plaintiff's previous position is impractical and

unworkable. Therefore Plaintiff seeks an award of front pay and future lost wages. Plaintiff suffered and seeks damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## ATTORNEY'S FEES

49.    Plaintiff was forced to engage counsel to protect her rights. Plaintiff is entitled to an award of attorney's fees and costs (including but not limited to an award of reasonable expert witness fees), both trial and appellate, under the ADA, 42 U.S.C. §12205, Title VII, 42 U.S.C. §2000e-5(k), and/or the Texas Labor Code § 21.259.

## INTEREST

50.    Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

    a.  Compensatory and punitive damages;

    b.  Back pay and front pay;

    c.  Attorney's fees and costs;

    d.  Prejudgment and post-judgment interest;

    e.  Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,


/s/ Holly B. Williams

By:_____

      Holly B. Williams
      Texas Bar No. 00788674


**WILLIAMS LAW FIRM, P. C.**
1209 W. Texas Avenue
Midland, TX 79701
432-682-7800; 432-682-1112 (fax)
holly@williamslawpc.com


Brian Carney
Texas Bar No. 03832275
**CARNEY LAW FIRM**
1202 W. Texas
Midland, Texas 79701
432-686-8300
432-686-1949 (fax)
brian@carneylawfirm.net


**ATTORNEYS FOR PLAINTIFF
TINA BRYAND**

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Tina S. Bryand
Po Box 808
Stanton, TX 79782

From: El Paso Area Office
300 E. Main Suite 500

El Paso, TX 79901

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| 453-2013-00194 | Arturo J. Carrion, Intake Supervisor | | (915) 534-4193 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

*Equal Pay Act (EPA):* EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Jeffrey H. Zelmanow,
Acting Director

Dec. 20, 2013

(Date Mailed)

Enclosures(s)

cc: Denis Dennis
Attorney at Law
P.O. Box 1311
Odessa, Texas 79760

Holly B. Williams
WILLLIAMS LAW FIRM PC
1209 W TEXAS AVE
Midland, TX 79701

EXHIBIT A

RECEIVED DEC 2 3 2013